POLEN, Judge.
This is a timely consolidated appeal from the trial court’s final judgment entered in favor of appellee Kotkis. In April 1977, appellants Berman and Weil, P.A., oral surgeons, entered into a professional employment agreement with appellee Kotkis. The agreement contained provisions for termination of employment and a non-competition covenant. In November 1978, appellants executed a stockholder’s agreement with appellee. This agreement made appel-lee a one-third shareholder of the P.A. and contained provisions for termination of a shareholder’s employment. On November 5, 1979, appellants terminated appellee pursuant to the stockholder’s agreement.
Appellee sued appellants for breach of both the employment and shareholder’s agreement and for fraud. He also sought an accounting and a declaratory judgment. Appellants denied appellee’s allegations, filed affirmative defenses and counterclaimed for breach of the employment and shareholder’s agreement, the non-competition covenant, and civil theft.
After a four-day jury trial, a verdict was entered in favor of appellee Kotkis on his counts for breach of the employment contract and breach of the shareholder’s agreement. Appellee Kotkis recovered nothing om his claims against Dr. Berman and Dr. Weil individually. Appellants’ counterclaim against Kotkis was also denied.
Appellants’ first point on appeal argues that the trial court erred in failing to direct a verdict for appellants in the construction and enforcement of the stockholder’s and employment agreements. We find no error as to this point and the record amply supports the jury’s verdict in this regard.
Appellants’ second point assigns as error the failure of the trial court to grant appellants a new trial. In light of our disposition as to point I, we find that there was no error in failing to grant a new' trial, again as the jury’s verdict is well supported by the record.
Point III assigns as error the trial court’s post-trial order taxing costs as being viola-tive of the statewide uniform guidelines for taxation of costs in civil actions. Appellee concedes error as to this issue, and accordingly we would reverse and remand for further proceedings solely on this point.
AFFIRMED IN PART AND REVERSED IN PART.
GUNTHER and STONE, JJ., concur.